IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF ARKANSAS

LITTLE ROCK DIVISION

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 29 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

CHRISTOPHER JASON BOWMAN,

    Plaintiff

v.                            CASE NO. 4:19-cv-523-BRW

COUNTY OF HOT SPRING COUNTY ARKANSAS, HOT
SPRING COUNTY ARKANSAS SHERIFF DEPARTMENT,
CORY RICKARD INTAKE OFFICER FOR HOT SPRING COUNTY,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;
DANIEL BAILEY, INTAKE OFFICER FOR HOT SPRING COUNTY,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,  OFFICER WOODY OF THE
HOT SPRING COUNTY SHERIFF DEPARTMENT, INDIVIDUALLY AND IN HIS
CAPACITY AS SHERIFF DEPUTY;  JOHN DOE NO 1, JOHN DOE NO. 2 and JOHN
DOE NO. 3

    Defendant.

This case assigned to District Judge Wilson
and to Magistrate Judge Ray

**COMPLAINT**

COMES NOW Christopher Jason Bowman, Plaintiff, by and through his attorney, James F. Valley, of J. F. Valley Esquire PA, Post Office Box 451, Helena-West Helena, AR 72342 and for his cause of action he states and alleges the following

This is a cause of action seeking to address the constitutional deprivation sustained by the Plaintiff, Christopher Jason Bowman, which occurred on or about July 27, 2016, in Hot Spring County, Arkansas in the City of Malvern.  This cause of action seeks to recover damages suffered by the Plaintiff due to being subjected to an unreasonable seizure of his person, deprivation of his right of liberty without due process of law while being subjected to an unlawful seizure, in violation of his rights as secured by the 4th, 5th and 14th Amendments to the United States Constitution as well as 42 U.S.C. § 1983.  This is  also an action seeking declaratory relief pursuant to 28 U.S.C. § 2201 to declare the rights and other relations between the parties and for damages and injunctive relief on behalf of the Plaintiff against the Defendants as specified more fully below.

I.    JURISDICTION

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1367 (supplemental jurisdiction).  Relief is pursuant to 42 U.S.C. § 1983 and the 4th, 5th, and 14th Amendments to the United States Constitution.

II.    PARTIES

2.    The Plaintiff, Christopher Bowman, is a 45 year-old African American male and at all times relevant to this complaint, a resident of Little Rock, Arkansas located in Pulaski County, Arkansas.

3.    The Defendant, County of Hot Spring, Arkansas, is a public body politic organized under the laws of Arkansas.  The County operates a sheriff's department for purpose of protecting its residents and to help maintain law and order.

4.    The Defendant, Cory Rickard, at all times mentioned herein, was employed by the County of Hot Spring, Arkansas as a law enforcement officer and at all times mentioned herein was acting within the scope of his employment and under the color of law.  This Defendant is being sued in his official capacity as law enforcement officer for the County of Hot Spring, Arkansas.

5.    The Defendant, Daniel Bailey, at all times mentioned herein, was employed by the County of Hot Spring, Arkansas as a law enforcement officer and at all times mentioned herein was acting within the scope of his employment and under the color of law.  This Defendant is being sued in his official capacity as law enforcement officer for the County of Hot Spring, Arkansas.

6.    The Defendant, Office Woody, at all times mentioned herein, was employed by the County of Hot Spring, Arkansas as a law enforcement officer and at all times mentioned herein was acting within the scope of his employment and under the color of law.  This Defendant is being sued in his official capacity as law enforcement officer for the County of Hot Spring,

Arkansas.

III.
FACTUAL ALLEGATIONS

7.    On July 27, 2016, at approximately 6:36 P.M., the Plaintiff was arrested by the Hot Spring County Sheriff Department.

8.    That earlier in the same year, this Plaintiff was arrested by the City of Malvern Police Department and taken into the Hot Spring County Detention Center under the direction of the same Defendants.

9.    That the arrest on March 31, 2016 is akin to the arrest complained of herein because the factual underpinnings are the same. The July 27, 2016 arrest is a continuation of March 31, 2016 arrest.

10.    That the Plaintiff in this case is a 45 year-old African-American male.

11.    That the police departments arrested him on a warrant that they knew or should have known was bogus as it relates to him in that the person for whom they were really looking was a white man.

12.    That there is no resemblance in appearance or otherwise between Christopher Bowman and the person for whom the police departments in this instance were looking.

13.    The officer in this instance had no reasonable suspicion to believe that Christopher Bowman had committed a felony or was about to commit a felony or a misdemeanor involving danger or forcible injury to persons or of appropriation of or danger to property as required by Rule 3.1 of Arkansas Rules of Civil Procedure as well as by the United States Constitution and the United States Supreme Court's ruling in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 2d 889 (1967). In spite of the law that applies to these specific circumstances, Christopher Bowman was in fact arrested and taken into custody.

IV.
DEPRIVATION OF CIVIL RIGHTS

14.    The Plaintiff incorporates by reference all of the allegations contained in Paragraphs

1 through 13 of this complaint.

15.    The Plaintiff, Christopher Bowman, was subjected to unreasonable seizure in violation of his rights secured by the Fourth Amendment of the United States Constitution.

16.    Furthermore, Plaintiff was denied his liberty, in that he was subjected to unreasonable seizure, without due process of law, in violation of his rights guaranteed by the Fifth Amendment of the United States Constitution.

17.    Upon information and belief, the reason why the Plaintiff was deprived of his constitutional rights was caused in part by the County of Hot Springs' failure to adequately train Officer Woody, and such inadequate training amounts to deliberate indifference to the rights of persons the County of Hot Springs Sheriff Deputies, and specifically the Defendant officers come in contact with, especially those persons of African-American ancestry.

18.  Furthermore, the County of Hot Springs County, Arkansas allows its Sheriff Deputies and law enforcement officers to routinely subject its African-American citizens to unequal enforcement of the laws, in violation of its protection and due process laws of the 14th Amendment to the United States Constitution.

19.    Furthermore, the County of Hot Springs, as well as the defendant officers in this instance, have a pattern, practice, and custom, of allowing its officers to arrest its citizens, particularly the African-Americans, without justification, in violation of the Plaintiff's federally protected rights, as well as Fourth, Fifth, and 14th Amendments to United States Constitution.

20.  Although the County of Hot Springs County, Arkansas and the Defendant officers in this case have been on notice that its officers routinely subject its African-American citizens to constitutional deprivations, the city and its chief have been indifferent, and have allowed its officers to commit such unlawful practices.

V.
DAMAGES

21. As direct and proximate cause of the constitutional deprivations that the Plaintiff experienced, due to the conduct of the defendant, the Plaintiff incurred medical expenses in an amount to be proven at trial.

22. As a direct and proximate cause of the constitutional deprivations that the Plaintiff experienced, due to the conduct of the defendants, the Plaintiff experienced pain and suffering as well as humiliation, in an amount to be proven at trial.

23. Furthermore, the Plaintiff has experienced severe injuries, of a permanent nature, all to his damage to be proven at trial.

24. The Plaintiff, Christopher Bowman's damages were proximately caused by him being deprived of his civil rights. As direct and proximate cause of the Defendant's conduct, the

25. Plaintiff suffered emotional distress due to having his constitutional rights violated by the Defendants.

26. The actions of the above-named defendants, as described herein, evidence an evil motive and an intent to deny the Plaintiff of his civil rights, making the assessment of punitive damages warranted.

JURY DEMAND

27.The Plaintiff requests that this matter be tried by a fair and impartial jury consisting of twelve (12) persons.

28.Therefore, the Plaintiff requests the Court grant him the following relief jointly and severally, against the defendants:

A.    A declaration that the Defendants, through their actions, have caused the Plaintiff to be deprived of his constitutional rights;

B.    Injunctive relief;
C.    Compensatory damages;
D.    Punitive damages;
E.    Attorneys fees pursuant to 42 U.S.C. § 1988; and
F.    Such further relief as this court may deem appropriate under the circumstances.

Respectfully submitted,
Christopher Jason Bowman, Plaintiff

J. F. Valley, Esq., P.A.
Post Office Box 451
423 Rightor Street
Helena-West Helena, AR 72342-0451
Arkansas Bar No. 96052
Mississippi Bar No. 10132
Telephone (870) 619-1750
Facsimile (870) 619-1760
Email james@jamesfvalley.com

_____
James F. Valley

Date: July 29, 2019

**SpeakWrite**
www.speakwrite.com
Job Number:
19209-001
Custom Filename: bowman christopher complaint part
1 Date: 07/28/2019 Billed Words: 120